UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DAVID SCOTT VIDRINE ET AL.　　　　　　　　CIVIL ACTION

VERSUS

EAST BATON ROUGE PARISH　　　　　　　　NO.: 18-00538-BAJ-EWD
COMMUNICATIONS DISTRICT ET
AL.

## RULING AND ORDER

Before the Court is the **Motion to Dismiss (Doc. 7)** filed by Defendant East Baton Rouge Parish Communications District ("EBRPCD"). Plaintiffs filed a response. (Doc. 9) For the reasons stated herein, the **Motion to Dismiss (Doc. 7)** is **DENIED**.

I. BACKGROUND

Plaintiffs are all current or former Emergency Communications Officers allegedly employed by the City of Baton Rouge/Parish of East Baton Rouge Department of Emergency Medical Services ("EMS") and EBRPCD. (Doc. 1-1 at p. 5) Plaintiffs allege that while working for EMS and EBRPCD, they were subjected to harassment, a hostile work environment, and disparate treatment on account of their gender. (Doc. 20-1 at p. 3) They allege that Stacy Simmons ("Simmons"), Plaintiffs' supervisor, (1) did not speak to male employees; (2) made sexist statements; and (3) let female employees take extended lunch breaks, smoke breaks, and to leave the

workplace to handle personal business without charging them for leave time. (*Id.* at pp. 3, 16)

Each Plaintiff filed an EEOC charge against EMS. (Doc. 6-1) On April 3, 2018, Plaintiffs filed suit in the 19th Judicial District alleging gender discrimination under Title VII and the Louisiana Employment Discrimination Law ("LEDL"). (Doc. 1-1 at p. 5). Defendants removed the case to federal court on May 9, 2018. (Doc. 1) EBRPCD now seeks the dismissal of Plaintiffs' claims.

## II. LEGAL STANDARDS

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*) 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). Hence, a complaint need not set out "detailed factual allegations," but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. *Twombly*, 550 U.S. at 555.

2

## III. DISCUSSION

### A. Title VII Claims

EBRPCD asserts that Plaintiffs' Title VII claims should be dismissed because Plaintiffs failed to file an EEOC charge against it. (Doc. 7-1 at p. 9). Plaintiffs' EEOC charges named EMS, but not EBRPCD. (Doc. 6-1). The United States Court of Appeals for the Fifth Circuit has held that "[A] party not named in an EEOC charge may not be sued under Title VII." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014). An exception to this rule is if an "identity of interests" exists between the omitted party and the party named in the charge. *Way v. Mueller Brass Co.*, 840 F.2d 303, 307 (5th Cir. 1988). An identity of interests exists when the parties are so closely related in their business operations or other activities that an action against one provides notice of litigation to the other. *Jacobsen v. Osborne*, 133 F.3d 315, 320 (5th Cir. 1998) (quoting *Kirk v. Cronvich*, 629 F.2d 404, 408 (5th Cir. 1980)). Plaintiffs assert that an identity of interests existed between EBRPCD and EMS. (Doc. 9 at p. 3)

EBRPCD disputes this and points to *Hill v. East Baton Rouge Parish Dept. of Emergency Med. Serv.*, where the Louisiana Court of Appeal for the First Circuit held that EBRPCD is a separate and autonomous legal entity, not just a mere subdivision of EMS. *Hill v. East Baton Rouge Parish Dept. of Emergency Med. Serv.*, 925 So.2d 17 (La. App. 1 Cir. 12/22/05). However, courts look to more than solely an entity's legal status to determine whether an identity of interests exists. The Fifth Circuit has examined four factors in deciding whether there is a clear identity of interests:

3

"(1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; (2) whether under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance, it would be unnecessary to include the unnamed party in the EEOC proceeding; (3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; (4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party. *Hartz v. Adm'rs of the Tulane Educ. Fund.*, 275 F. App'x 281, 286 (5th Cir.2008).

Applying the *Hart* factors, Plaintiffs have asserted that an identity of interests may exist between EBRPCD and EMS. First, EBRPCD's role in this matter could plausibly have been ascertained from the facts in the EEOC charges. Although the charges only explicitly name EMS, EBRPCD appears to be a division of EMS, even if it is a legally autonomous entity.[1] Furthermore, the charges specifically name Simmons, Plaintiffs' supervisor and the Chief of Communications, as someone who engaged in discriminatory practices. (Doc. 6-1). Simmons was allegedly Plaintiffs'

---

[1] *Operations*, CITY OF BATON ROUGE, PARISH OF EAST BATON ROUGE, (March 14, 2019), https://www.brla.gov/222/Operations. The Court notes that generally, in deciding a rule 12(b)(6) motion to dismiss, "a court must limit its inquiry to the facts stated in the complaint." *Lovelace v. Software Spectrum*, Inc., 78 F.3d 1015 (5th Cir.1996). However, a court may also consider matters of which it takes judicial notice. *Id.* The Fifth Circuit has determined that courts may take judicial notice of governmental websites. *In re Katrina Canal Breaches Consol. Lit.*, 533 F. Supp.2d 615, 632 (E.D. La. 2008).

4

supervisory official at EBRPCD. (Doc. 20-1 at p. 5; Doc. 6-1). Discrimination claims against the government entity which EBRPCD belongs to and against EBRPCD's communications supervisor would give EBRPCD ample notice of its potential role in the litigation as another potential defendant. With respect to the second *Hartz* factor, Plaintiffs have properly alleged that interests of EMS and EBRPCD may be similar for the purposes of conciliation. Plaintiffs claim that there were simultaneously in the employ of EMS and EBRPCD, and thus the two entities may have similar interests in the litigation. (Doc. 20-1 at p. 2). Third, nothing in the complaint indicates that EBRPCD has been prejudiced by its absence from the EEOC proceedings. Finally, although there is no indication that EBRPCD represented to Plaintiffs that they should communicate with it through EMS, this alone is insufficient to dismiss Plaintiffs' claims. As such, the Court must allow discovery to proceed on the issue of whether an identity of interests existed between EMS and the Communications District. EBRPCD is not entitled to the dismissal of Plaintiffs' Title VII claims.

**B. LEDL Claims**

*1. LEDL Notice Requirement*

EBRPCD also asserts that Plaintiffs' LEDL claims should be dismissed because they failed to give EBRPCD thirty days' notice prior to filing suit. (Doc. 7-1 at p. 10). Before filing suit under the LEDL, a plaintiff must give the proposed defendants written notice of the alleged discrimination and his intent to sue at least thirty days before filing suit. *Martin v. Winn-Dixie Louisiana*, Inc., 2015 WL 1281943 (M.D. La. Mar. 20, 2015). The filing of an EEOC charge of discrimination satisfies the notice requirement. *Id.*

5

EBRPCD argues that Plaintiffs have failed to meet the LEDL's notice requirements because again, it failed to include EBRPCD in the EEOC charge. (Doc. 7-1 at p. 10). However, as stated above, Plaintiffs have alleged sufficient facts to indicate that there may be an identity of interests between EMS and EBRPCD. While the "identity of interests" doctrine specifically applies to federal discrimination claims, "Louisiana state courts routinely consider a federal court's interpretation of federal statutes to resolve similar questions concerning Louisiana statutes." *White v. Government Employees Ins. Co.*, 2010 WL 3943588, at *10 (E.D. La. Oct. 4, 2010) (citing *Baldwin v. Board of Sup'rs for University of Louisiana System*, 2006-0961, 6 (La. App. 1 Cir. 5/4/07), 961 So.2d 418, 422. Thus, the identity of interests doctrine may allow the Plaintiffs to proceed with their LEDL claims.

Moreover, the Court concludes that Plaintiffs' EEOC charges achieved the twin goals of the LEDL's notice requirement. Notice serves to (1) to inform the defendant of the potential litigation for the preservation of evidence and (2) to allow the parties sufficient time to attempt a resolution of the matter outside of court. *Stubberfield v. Offshore*, 2016 WL 2855480, *2 (E.D. La. May 16, 2016). In this case, the EEOC charge would have been sufficient to put EBRPCD on notice of the litigation because, as noted above, the charges identified EMS and Simmons. (Doc. 6-1). Furthermore, the charges would have given EBRPCD timely notice of suit. Plaintiffs' final EEOC charge was filed in in December of 2017. (Doc. 6-1 at p. 12). Plaintiff did not bring suit in state court until April of 2018. (Doc. 1-1 at p. 5). The four months' notice far exceeded the thirty days required by the LEDL and gave EBRPCD ample time to resolve Plaintiffs' claims.

6

## 2.  *LEDL Employee Requirement*

Alternatively, EBRPCD argues that Plaintiffs' LEDL claim should be dismissed because they fail to assert that EBRPCD was their "employer" as defined in the statute. An "employer" is an entity that gives compensation to the employee. *English v. Wood Group PSN, Inc.*, No. 15-568, 2015 WL 5061164, at *10 (E.D. La. Aug. 25, 2015). EBRPCD argues that because Plaintiffs have not specifically alleged that they were compensated by EBRPCD, they fail to state a claim under the LEDL. (Doc. 7-1 at p. 11). The Court disagrees. Plaintiffs allege that they worked as Emergency Communications Officers for EBRPCD. (Doc. 20-1, Doc. 6-1). This allegation allows the Court to draw the inference that the Communications District was the entity compensating Plaintiff. *See Iqbal*, 556 U.S. at 678 (Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable"). Accordingly, the Court must allow discovery to proceed on the issue. EBRPCD is not entitled to dismissal of Plaintiffs' LEDL claims.

IV.   CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion to Dismiss (Doc. 7)** is **DENIED**.

Baton Rouge, Louisiana, this 20th day of March, 2019.

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**